*A. J. & D. James, William Harrell, for appellees.*

---

WILLIAM MITCHELL, ET AL., *v.* H. R. C. GREENWADE, ET AL.

**Practice—Duty to File Copies of Judgments and Executions When Same Constitute Basis of Claim.**

Where judgments and the executions and returns thereon are the basis of an action it is the duty of plaintiff to file copies thereof with his petition, and the defendant is not bound to search the records for them.

APPEAL FROM MONTGOMERY CIRCUIT COURT.

November 3, 1877.

OPINION BY JUDGE COFER:

That Mize, not having paid the debt for which he was bound as Greenwade's surety, was not entitled to a judgment, will not avail the appellants unless they have made out their cases, for until they have done so they are not interested in that question.

The statement in Mize's answer that he did not know and had no information sufficient to form a belief as to the recovery of the judgments named in the petition, etc., is equivalent to a statement that he had no knowledge or information sufficient, etc. If he did not "know" whether such judgments had been rendered then he had no knowledge that they had been rendered.

The statement is equivalent to this: "He says he does not know that such judgments were recovered, and moreover he has no information sufficient to form a belief that such judgments were recovered." Information is not knowledge, but Mize denied that he had either, and his answer cannot be true if he knew or had information sufficient to form a belief whether such judgments had been recovered or not.

Nor do we think Mize was bound to examine the records of Montgomery county to see whether such judgments had been recovered. We are not prepared to decide that it is ever the duty of a party to search outside of the record of the particular case for the records which go to establish his adversary's case, and more especially when

the record is one which the law made it the duty of the adverse party to file with his pleadings.

The judgments in favor of the appellants, and the executions and returns thereon, were the basis of their actions, and under Sec. 145, Myers's Code, it was their duty to file copies with their petitions, and Sec. 155 shows that one of the objects of requiring exhibits to be filed was to enable the adverse party to see and inspect them, and that matters of record were not intended to be made an exception to the rule is evidenced by the facts that deeds which are generally upon record are mentioned among the writings required to be filed.

The appellee, Mize, was not a resident of Montgomery county; he was served with process in Wolfe county, and swore to his answer before G. B. Swango, J. P. W. C., which indicates that he was not in Montgomery county when his answer was prepared. And unless there it would be unreasonable to require him to go there or to have an attorney to search for records which it was the plaintiff's duty to file, before allowing him the privilege of denying knowledge or information as to the existence of such records.

Petition *overruled*.

. *Apperson & Reid, for appellants.  W. H. Hall, for appellees.*